```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────
TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY         11 Civ. 9167 (JGK)
FUND, APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY         MEMORANDUM OPINION
FUND, CHARITY FUND, ET AL.,                  AND ORDER

                    Plaintiffs,

         - against -

ANTHEM CONTRACTING INC.,

                    Defendant.
────────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

The plaintiffs seek to confirm an arbitration award pursuant to section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.  The arbitration award was issued in accordance with a collective bargaining agreement between the plaintiffs and the defendant.  The plaintiffs are the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Charity Fund, and the New York City and Vicinity Carpenters Labor Management Corporation (collectively, the "Funds"), and the New York City District Council of Carpenters (the "Union").  The defendant, Anthem Contracting Inc. (the "Employer"), is a corporation engaged in the construction industry.

I.

The following facts are undisputed for the purposes of this motion, unless otherwise indicated.

At all relevant times, the Employer was a party to a collective bargaining agreement (the "National Agreement") with the United Brotherhood of Carpenters and Joiners of America. (Epstein Decl. Ex. B (hereinafter "National Agreement").)  The National Agreement required the Employer to make certain monetary contributions to the Funds for all carpentry work performed in the trade and geographical jurisdiction of the Union at rates prescribed in the applicable collective bargaining agreement for that location.  (National Agreement at 1.)

The plaintiffs employed an accountant to perform an audit of the defendant's books and records covering the period of January 21, 2010 through December 28, 2011.  (Epstein Decl. Ex. A (hereinafter "Arbitration Award") at 2.)  The audit summary report revealed that the total amount of the defendant's delinquency and interest was $79,936.21.  (Arbitration Award at 3.)  The defendant failed to remit the contributions to the Funds.

The National Agreement further provided: "Any dispute relating to this Agreement may be prosecuted in accordance with

the grievance/arbitration procedure of the member's home area local union Master Labor Agreement, or the work area local union Master Labor Agreement, and the Company agrees to be bound by those procedures." (National Agreement at 3.) The plaintiffs then initiated arbitration before the designated arbitrator (the "Arbitrator") pursuant to the Master Labor Agreement for the Union (the "CBA"). (Epstein Decl. Ex. C (hereinafter "CBA") at 45.)

Thereafter, upon due notice to all parties, the Arbitrator held a hearing on November 10, 2011. (Arbitration Award at 2.) The defendant failed to appear at the hearing, and the Arbitrator rendered a written arbitration opinion and award (the "Arbitration Award") dated November 14, 2011, determining the outcome of the dispute. (Arbitration Award at 2-4.)

The Arbitrator found that the defendant was in violation of the terms of the CBA and ordered the defendant to pay the Funds a sum of $84,687.59, based on the audit covering the period of July 1, 2006 through July 1, 2010. (Arbitration Award at 3.) This sum consisted of the principal deficiency of $63,498.15, interest and liquidated damages of $16,336.41, late payment interest of $101.65, promo fee of $440.70, court costs of $350.00, attorney's fee of $1,500.00, arbitrator's fee of $500.00, and audit costs of $1,960.68; with interest to accrue

at the rate of 5.25% from the date of the Arbitration Award. (Arbitration Award at 3-4.)

## II.

It is plain that the plaintiffs' motion to confirm the Arbitration Award should be granted. The defendant failed to appear at the arbitration hearing and has failed to submit any papers in opposition to the current motion, despite two notices from the Court extending the deadline to respond.

In this case, the Arbitrator had the power to issue the Arbitration Award. In deciding whether to uphold an arbitration, the district court must determine whether the arbitrator "acted within the scope of his authority" and "whether the award draws its essence from the agreement." Local 1199, Drug, Hosp. & Health Care Emps. Union, RWDSU, AFL-CIO v. Brooks Drug Co., 956 F.2d 22, 25 (2d Cir. 1992). Here, the CBA between the Union and the defendant provided that in the event of a dispute "concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the [designated] impartial arbitrator . . . ." (CBA at 44-45.) This language indicates the parties' intent that all disputes regarding the payment of fringe benefit contributions be subject to arbitration. Thus, the Arbitrator had the authority to

arbitrate the dispute as to whether the defendant violated Article XV of the CBA by failing to remit proper fringe benefit contributions to the Funds.  See Synergy Gas Co. v. Sasso, 853 F.2d 59, 63-64 (2d Cir. 1988) (the scope of an arbitrator's authority "generally depends on the intention of the parties to an arbitration, and is determined by the agreement or submission").

In addition, the CBA provided that "[e]very Employer covered by this Agreement shall make contributions for each hour worked of all employees covered by this Agreement . . . ." (CBA at 36.)  The CBA further provided: "In the event that proceedings are instituted before an arbitrator under Section 7 of this Article to collect delinquent contributions to Benefit Fund or Funds, and if such arbitrator renders an award in favor of such Fund(s), the arbitrator shall be empowered to award such interest, liquidated damages, and/or costs as may be applicable under the Agreement and Declaration of Trust establishing such Fund(s)."  (CBA at 44.)  Accordingly, it is clear that the Arbitration Award draws its essence from the CBA.  Given that the Arbitrator was empowered to arbitrate this matter and to issue the Arbitration Award as he did here, the Court will accord the Arbitration Award broad deference.  See Hill v. Staten Island Zoological Soc'y, Inc., 147 F.3d 209, 212 (2d Cir. 1998).

5

Moreover, a district court's role in reviewing an arbitration award is extremely limited.  See United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 36 (1987); United Steelworkers v. Enter. Wheel & Car Corp., 363 U.S. 593, 596 (1960).  The United States Supreme Court has explained that district courts "are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." Misco, 484 U.S. at 36.  An arbitration award is to be confirmed if there is even a "barely colorable justification" for the decision.  U.S. Steel & Carnegie Pension Fund v. Dickinson, 753 F.2d 250, 252 (2d Cir. 1985).

Upon review of the Arbitration Award in this case, it is plain that the Arbitration Award should be confirmed in the amount of $84,687.59, plus interest at the rate of 5.25% from November 14, 2011--the date of the Arbitration Award--through the date of judgment.  The plaintiffs are the prevailing parties and are therefore entitled to recover their reasonable attorney's fees and costs.  (CBA at 35.)  The plaintiffs have submitted an affidavit documenting reasonable attorney's fees of $3,548.00, based upon 20 hours of work at reasonable rates ranging from $250 per hour for the most senior attorney to $90 per hour for paralegals.  (Epstein Decl. Ex. F.)  The plaintiffs

also incurred reasonable costs of $360.34,[1] bringing the total amount for attorney's fees and costs to $3,908.34.

## CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the reasons explained above, the plaintiffs' motion is **granted**.  The Arbitration Award is **confirmed**.  The Clerk is directed to enter judgment in favor of the plaintiffs and against the defendant in the amount of $84,687.59, plus interest at the rate of 5.25% from November 14, 2011 through the date of judgment, together with attorney's fees and costs in the amount of $3,908.34.  The Clerk is also directed to close this case.

**SO ORDERED.**

**Dated:**     New York, New York
         May 15, 2013            __/s/_____
                                    **John G. Koeltl**
                          **United States District Judge**

---

[1] The Court did not include in the total cost amount an expense of $67.50 because that expense was unexplained.